UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| BENJAMIN FOSTER and <br> EDWARD BRITTON, <br><br> Plaintiffs, <br><br> V. <br><br> CRAIG C. DILGER, in his official <br> capacity as Chairman, Kentucky <br> Registry of Election Finance, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 3: 10-41-DCR <br><br><br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*

Defendant Craig C. Dilger, in his official capacity as Chairman of the Kentucky Registry of Election Finance (the "Registry") has filed a Motion to Dismiss [Record No. 10] the Complaint filed against him by Plaintiffs Benjamin Foster and Edward Britton. The Registry asserts that Foster's and Britton's Complaint should be dismissed pursuant to Rule 12(b)(1) — lack of subject matter jurisdiction, Rule 12(b)(6) — failure to state a claim upon which relief may be granted, and Rule 12(b)(7) — failure to join necessary parties. After reviewing the respective position of the parties, the Defendant's motion will be denied.

**I.   Background**

Foster and Britton brought this suit to challenge the constitutionality of the statute that places a $100 limit on direct political contributions to school board campaigns, KRS § 121.150(6). The present motion seeks to dismiss the plaintiffs' complaint on four grounds. The

Registry argues that dismissal of this action is required because: (1) the plaintiffs lack standing under Article III; (2) the plaintiffs' claims amount to a non-justiciable generalized grievance; (3) their claims are time-barred by the relevant statute of limitations; and (4) the plaintiffs have failed to join the Kentucky Attorney General as a necessary party.

**II. Analysis**

In evaluating a motion to dismiss under Rule 12, the Court must construe the complaint in the light most favorable to the plaintiffs and accept as true all of the factual allegations made by the complaint. *Ziegler v. IGP Hog Market, Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001). In doing so, the ultimate task is to determine whether the plaintiffs can "undoubtedly . . . prove no set of facts in support of [their] claim that would entitle [them] to relief." *Powell v. Jacor Communs. Corporate*, 320 F.3d 599, 602 (6th Cir. 2003) (citing *Ziegler*, 249 F.3d at 512)). Here, Foster and Britton have alleged sufficient facts to entitle them to relief.

**A. Article III Standing**

The Registry's argument that the plaintiffs lack standing can be boiled down to one assertion: neither Foster nor Britton has suffered a real, concrete injury as a result of KRS § 121.150(6). The Registry argues that the injury Foster is complaining of is his unsuccessful 2008 candidacy, which cannot be directly attributed to a contribution limit. Additionally, the Registry argues that neither plaintiff has suffered an injury because they have alternative means of political expression and face no real threat of criminal prosecution. None of these arguments hold weight. Foster and Britton face concrete and cognizable injuries sufficient to confer Article III standing.

The injury the plaintiffs' complaint addresses is not Foster's failed campaign. It is the desire to participate in constitutionally-protected behavior that is disallowed by state law. [Record No. 1, ¶¶ 10, 11] As the Sixth Circuit has noted, "where 'plaintiffs allege an intention to engage in a course of conduct arguably affected by the statute, courts have found standing to challenge the statute.'" *Frank v. City of Akron*, 290 F.3d 813, 816 (6th Cir. 2002) (quoting *United Food & Commercial Workers International Union v. IBP, Inc.*, 857 F.2d 422, 428 (8th Cir. 1988)). The plaintiffs have alleged an intention to engage in conduct that is affected by the statute: donating more than $100 to a school board campaign. Because the statute prevents that activity, they have alleged sufficient injury for this matter to proceed.

The *Frank* court continued that plaintiffs have standing "even absent a specific threat of enforcement." *Id.* A litigant need not first expose himself to actual arrest or prosecution to be entitled to challenge a statute. *Steffel v. Thompson*, 415 U.S. 452, 459 (1974). To maintain standing, the threat of prosecution must be credible, and not imaginary or speculative. *Id.* When the plaintiffs' intended conduct falls within the clear purview of the statute's regulations, the Sixth Circuit has held that the statutory language itself "evinces a credible threat of prosecution." *Planned Parenthood Ass'n v. City of Cincinnati*, 822 F.2d 1390, 1396 (6th Cir. 1987). As previously stated, the plaintiffs' desired conduct falls within the plain language of the statute. That alone is enough to evince a credible threat of prosecution. Further, the Registry has not presented any evidence which persuades the Court that the threat of prosecution is not credible. Thus, te Registry's argument that the plaintiffs' alleged injury is too speculative to confer standing fails.

The Registry's final attempt to defeat standing is equally unavailing. It argues that, because Britton and Foster have alternative means of expressing their political preferences, their injury is not concrete. The Registry cites no authority for this assertion. It strains logic to contend that because some forms of political association are permissible, a statute which chills other forms of constitutionally-protected political association causes no injury. Britton and Foster have expressed an intention to conduct activities that are proscribed by KRS § 121.150(6). The threat of prosecution for those activities is credible. They have alleged an adequate "injury in fact" to confer standing.

### B. Generalized Grievance

Next, the Registry's argues that Foster's and Britton's complaint should be dismissed as a non-justiciable generalized grievance. The Registry argues that their asserted injury — not being able to contribute more than $100 — is a harm shared by all citizens and is better addressed to the legislature than the courts. Again, the Registry's argument is not persuasive. The mere fact that an injury is widely shared does not, by itself, render the harm a generalized grievance. *Federal Election Comm'n v. Atkins*, 524 U.S. 11, 24 (1998) ("[W]here a harm is concrete, though widely shared, the Court has found 'injury in fact.'"). *See also American Canoe Ass'n, Inc. v. City of Louisa Water & Sewer Comm'n*, 389 F.3d 536, 545 (6th Cir. 2004) ("Where the grievance is general because it represents only the common interest in seeing the law obeyed, Congress cannot create standing because the injury is not concrete; where some actual injury befalls every member of the community, Congress can create standing regardless of the universality of that injury."). The plaintiffs' claim is not a broad plea for the law to be

followed, it arises from the specific intention to conduct activities that are prohibited by statute. Their alleged injury, therefore, is concrete. If the Registry's position were accepted, no law of general applicability could be challenged in this Court. The plaintiffs have alleged a concrete injury, and the Court finds that their injury, albeit widely shared, does not constitute a generalized grievance.

### C. Statute of Limitations

The Registry also argues that the plaintiffs' complaints are barred by the statute of limitations. In actions brought under § 1983, the federal court must borrow state-law limitations periods. *Bonner v. Perry*, 564 F.3d 424, 431 (6th Cir. 2009) (citing *Owens v. Okure*, 488 U.S. 235, 236 (1989)). The Supreme Court has held that § 1983 claims "'are best characterized as personal injury actions,' [and the] State's personal injury statute of limitations should be applied to all § 1983 claims." *Owens*, 488 U.S. at 240–41 (quoting *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Kentucky has a one-year statute of limitations for personal injury actions. KSR § 413.140(1)(a). It is well established that § 1983 actions in Kentucky are limited by the one-year statute of limitations found in KSR § 413.140(1)(a). *Bonner*, 564 F.3d at 431.

The Registry asserts that Foster has asserted an injury which falls outside the one-year statute of limitations. However, this argument mischaracterizes the injuries which the plaintiffs seek to redress. As previously noted, the Registry attempts to argue that Foster's injury is his loss in the 2008 campaign. But the plaintiffs' complaint alleges an entirely different injury: that KRS § 121.150(6) and the threat of criminal prosecution prevents them from contributing more than $100 to a campaign [Record No. 1, ¶ 10], activity which they believe is constitutionally

protected [Record No. 1, ¶ 11]. That injury is current and ongoing. As a result, the plaintiffs' injury does not fall outside the one-year statute of limitations period.

## D. Failure to Join a Necessary Party

The Registry's final argument is that the case should be dismissed pursuant to Rule 19(b) because Foster and Britton failed to join the Kentucky Attorney General as a necessary party. This argument fails for two reasons. First, joining the Attorney General would not destroy jurisdiction in this case. Therefore, even if the Registry's argument were correct, the proper remedy would not be dismissal under Rule 19(b), but would rather be to direct the Attorney General joined under Rule 19(a). Second, the Kentucky Attorney General is not a required party under Rule 19(a) because he has not asserted an interest and complete relief can be accorded among the existing parties without his presence. Accordingly, the Court will neither dismiss the case nor order the Kentucky Attorney General joined.

The heading of Rule 19(b) makes clear that it only applies "when joinder is not feasible." Fed. R. Civ. P. 19(b). The text re-emphasizes that dismissal can only even be *considered* by the Court "[i]f a person who is required to be joined if feasible cannot be joined." Fed. R. Civ. P. 19(b). There is no reason that joinder of the Kentucky Attorney General in this action would not be feasible. Therefore, the Court concludes that the Registry's request for dismissal based on Rule 19(b) is without merit.

Additionally, the Court need not direct that the Kentucky Attorney General joined under Rule 19(a)(1)(A) because complete relief is possible between the present parties. The Sixth Circuit has held that Rule 19 requires a "pragmatic approach." *Smith v. United Bhd. of*

*Carpenters & Joiners of Am.*, 685 F.2d 164, 166 (6th Cir. 1982). "Simply because some forms of relief might not be available due to the absence of certain parties, the entire suit should not be dismissed if meaningful relief can still be accorded." *Id.* Rule 19(a)(1)(A) is concerned only with whether relief can be accorded between existing parties, it does not require the Court to look for any other party who may also have an interest. *See Sch. Dist. v. Sec'y of the United States Dep't of Educ.*, 584 F.3d 253, 265 (6th Cir. 2009) (citing *MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir. 2006) ("While there is no question that further litigation [involving an absent party] is inevitable if MasterCard prevails in this lawsuit, Rule 19(a)(1) is concerned only with those who are already parties."); *LLC Corp. v. Pension Benefit Guar. Corp.*, 703 F.2d 301, 305 (8th Cir. 1983) (determining that Rule 19(a)(1)(A) applies to current parties, "not [to] the speculative possibility of further litigation between a party and an absent person.")). The plaintiffs are the masters of their complaint. *See Curry v. United States Bulk Transp., Inc.*, 462 F.3d 536, 543 (6th Cir. 2006). The plaintiffs have chosen to sue only the Registry. The relief they have requested — enjoining the Registry from enforcing KRS § 121.150(6) — is able to be accorded between the present parties. Therefore, the Court will not order the Kentucky Attorney General joined pursuant to Rule 19(a)(1)(A).

Rule 19(a)(1)(B) permits the Court to order joinder when a third-party claims an interest in the case. Here, the Kentucky Attorney General explicitly declined to intervene. [Record No. 7] In light of that decision, the Court concludes that the attorney general believes that he does not have a compelling enough interest to necessitate joinder. In *School District*, Judge Sutton noted the difference between the types of interest that justify mandatory joinder and those that

require "just notice." *Sch. Dist.*, 584 F.3d at 281 (Sutton, J. concurring).  He highlighted the precise circumstance present in this case — describing how Federal Rule of Civil Procedure 5.1 requires a party challenging a state law to provide notice to the attorney general, but does not require a court to consider whether the attorney general is a necessary party.  *Id.*  Whereas the Kentucky Attorney General does not have a sufficient interest to demand joinder and has not only failed to claim an interest but has specifically declined to intervene, the Court will not require his joinder under Rule 19(a)(1)(B).

**III.    Conclusion**

The Registry has failed to assert a legally valid ground for dismissal of this action.  The plaintiffs have standing to bring this suit, they have not asserted a generalized grievance, and the case has been timely filed.  In addition, the Court does not find it necessary to order the joinder of the Kentucky Attorney General.  Accordingly, it is hereby

**ORDERED** that Defendant Kentucky Registry of Election Finance's Motion to Dismiss [Record No. 10] is **DENIED**.

This 22nd day of October, 2010.

